**Application of Solomon H. FRIEND.**

**No. M–11–188.**

United States District Court, S. D. New York.

Oct. 15, 1975.

Paul J. Curran, U. S. Atty., New York City, for the Government, by Patricia M. Hynes, Asst. U. S. Atty., New York City, of counsel.

Joan P. Dacey, New York City, for Amrep Corp.

William R. Glendon, Guy C. Quinlan, New York City, for movant-applicant.

Stanley S. Arkin, for Certain Officers of Amrep Corp.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Solomon H. Friend, an attorney, has applied for leave to turn over certain documents to a United States Grand Jury which is apparently investigating both his client Amrep Corporation and Mr. Friend himself. Mr. Friend has testified a number of times before the Grand Jury and has been invited by the Assistant United States Attorney in charge of the case to produce any documents which Mr. Friend believes would exculpate him. Mr. Friend alleges that the documents which are the subject of this application would help to establish that he acted in a good faith effort to insure Amrep's compliance with the law and that consequently he should not be indicted.

The documents are divided into the following four categories:

(1) those as to which the corporation asserts an attorney-client privilege; (2) those already held to be privileged by other judges; (3) those as to which no privilege is asserted which have not yet been submitted to the Grand Jury; and (4) those as to which no privilege has been asserted and which have already been turned over to the Grand Jury.

As to those documents falling into categories (3) and (4) there is apparently no dispute. Accordingly, Mr. Friend may turn them over to the Grand Jury.

As to those documents within categories (1) and (2) the corporation, Amrep, asserts its attorney-client privilege since the government is unwilling to stipulate that the failure to assert the privilege would not constitute a waiver of the privilege as to matters and documents not presented in this application.

The government and Mr. Friend contend that, pursuant to the Code of Professional Responsibility, Disciplinary Rule 4–101(C),* Mr. Friend is entitled to turn over the documents to the Grand Jury. See *Meyerhofer v. Empire Fire and Marine Insurance Co.,* 497 F.2d 1190 (2d Cir. 1974). I agree. Accordingly, Mr. Friend may turn over those documents falling into categories (1) and (2).

I note, however, the continuing assertion by the corporation of its attorney-client privilege with respect to these documents.

SO ORDERED.

---

\* DR4–101(C)(4) provides in pertinent part:
 "(C) A lawyer may reveal:
 (4) Confidences or secrets necessary . . to defend himself or his employees or associates against an accusation of wrongful conduct."

Although, as yet, no formal accusation has been made against Mr. Friend, it would be senseless to require the stigma of an indictment to attach prior to allowing Mr. Friend to invoke the exception of DR4–101(C)(4) in his own defense.